UNITED STATES of America, Plaintiff,

v.

PROPERTY TITLED IN THE NAMES OF Moises PONCE and Ramona Ponce, Husband and Wife, as Tenants by the Entirety, as Grantees, Tax Map Key No. 9–6–14–43, Being Lot 5, Block "C", Located at Palima and Paauau Iki, District of Kau, Island and County of Hawaii, State of Hawaii, Together with all Appurtenances and Improvements, Defendants.

Civ. No. 89–00607 ACK.

United States District Court, D. Hawaii.

Nov. 16, 1990.

Daniel Bent, U.S. Atty., Sharon B. Takeuchi, Honolulu, Hawaii, for plaintiff.

Roehrig, Roehrig Wilson Hara & Schutte, Andrew P. Wilson, Hilo, Hawaii, for defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DECREE OF FORFEITURE

KAY, District Judge.

### FACTS

Claimants Moises and Ramona Ponce live on the defendant property, which is located on the island of Hawaii. Claimants purchased the property in 1963 and own it as tenants by the entirety. There is no mortgage currently on the property. The Ponce's have been married for forty-two years and have five grown adult children. Moises Ponce works at Ka'u Agribusiness Co. as an herbicide supply truck driver and Ramona Ponce works as a nut picker for Mac Farms of Hawaii.

On April 18, 1980, Moises and Ramona Ponce were arrested after 52 marijuana plants were seized from their property. Prosecution was declined because the seizure was not pursuant to a warrant. According to Ramona Ponce's affidavit, she had numerous discussions with her husband after the arrest about never bringing marijuana onto the property again and told him that she was opposed to growing and smoking marijuana.

During the week of May 21, 1987, Hawaii County Police received information from a reliable informant that marijuana seedlings were being grown on the Ponce's property. A state search warrant was obtained and executed on May 28, 1987. As a result, the police seized 1,448 marijuana seedlings in plastic containers that were in nine larger wooden trays. Also seized were 14 plastic trays, 270 green plastic containers, a wheelbarrow, a shovel, and a .357 caliber Dan Wesson revolver.

On January 28, 1988, the grand jury for the State of Hawaii, Third Circuit, indicted Moises and Ramona Ponce for Commercial Promotion of Marijuana in violation of Hawaii Revised Statutes § 712–1249.5. On March 3, 1988, Moises Ponce pled no contest to the charge, and he received a Deferred Acceptance of No Contest Plea on April 7, 1988. He was sentenced to 90 days in jail (suspended) and received a $5,000 fine.

Prosecution of Ramona Ponce was deferred for five years, on the condition that she does not become involved in any criminal activity during that period. Her husband testified at his deposition that he brought seeds home and planted them approximately one week before the arrest, and that this was done without Mrs. Ponce's knowledge or consent. Mrs. Ponce testified at her deposition that she first saw the marijuana on her property the day before she was arrested. Mrs. Ponce's affidavit states that when she first observed the plants, she immediately told her husband to destroy the plants and to get them off of the property. Her affidavit further states that she was going to give her husband one day to remove the plants, and, if he did not do so, she was going to destroy the plants "even if I was going to get lickings." The police arrested the Ponces

the next day, before the plants were destroyed.

The government argues that Mrs. Ponce's statement given to the police at the time of her arrest, and her subsequent answers to interrogatories, contradict her contention that she only knew of the marijuana for one day. At the time of her arrest, Mrs. Ponce told the officers "I told my husband about the plants, but he says, 'If everybody else can grow, I can grow too.'" In her interrogatory answer, Mrs. Ponce stated that "I knew of the marijuana and tried to discourage my husband from growing it, but I could not stop him."

The United States has instituted this forfeiture action pursuant to 21 U.S.C. § 881(a)(7), which empowers the government to seize real property "which is or intended to be used, in any manner or part, to commit, or to facilitate the commission of" a federal narcotics offense punishable by more than one year in prison. The government has moved for summary judgment in this case.

## DISCUSSION

### A. Summary Judgment Standard

▪ Summary judgment shall be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The United States Supreme Court has declared that summary judgment must be granted against a party who fails to demonstrate facts to establish an element essential to his case where that party will bear the burden of proof of that essential element at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact [citations omitted], the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment." *T.W. Electrical Serv. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). Instead, Rule 56(e) requires that the nonmoving party set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial. *Id.* At least some "significant probative evidence tending to support the complaint" must be produced. *Id.* Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978).

▪ The standard for a grant of summary judgment reflects the standard governing the grant of a directed verdict. *See Eisenberg v. Ins. Co. of North America*, 815 F.2d 1285, 1289 (9th Cir.1987), *citing, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Thus, the question is whether "reasonable minds could differ as to the import of the evidence." *Id.*

The Ninth Circuit has established that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987). Moreover, the United States Supreme Court has stated that "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Indeed, "if the factual context makes the nonmoving party's claim *implausible*, that party must come forward with more persuasive evidence that would otherwise be necessary to show that there is a genuine issue for trial." *Franciscan Ceramics*, 818 F.2d at 1468 (emphasis original), *citing, Matsushita, supra*, 475 U.S. at 587, 106 S.Ct. at 1356. Of course, all evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party. *T.W. Elec. Services*, 809 F.2d at 630–31.

In *United States v. One 56–Foot Motor Yacht Named Tahuna*, the Ninth Circuit had the following to say about summary judgment and the law of forfeiture:

> Although we evaluate every summary judgment by viewing the evidence and the inferences therefrom in the light most favorable to the party opposing the motion, ... the "[s]ummary judgment procedures ... must necessarily be construed in light of the statutory law of forfeitures, and particularly the procedural requirements set forth therein. Those procedures themselves are quite summary, especially when compared to normal civil actions."

702 F.2d 1276, 1281 (9th Cir.1983) (citations omitted).

### B. Forfeiture of Real Property

Title 21, Section 881(a) of the United States Code states in pertinent part:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them:

> .   .   .   .   .

> (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, *except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.*

21 U.S.C. § 881(a)(7) (emphasis added).

By virtue of 21 U.S.C. § 881(d), the burden of proof in this action is controlled by 19 U.S.C. § 1615. Under 19 U.S.C. § 1615, the government initially must demonstrate probable cause to believe that the property was used or was intended to be used to facilitate the commission of a drug offense. The government cites numerous cases regarding the probable cause issue, but the claimants do not contest that the government has carried that burden. The claimants do not dispute that the property was used to commit a drug felony.

Once the government meets its burden regarding probable cause, the burden shifts to the claimants to prove that the property is not forfeitable. *United States v. One 56–Foot Motor Yacht Named Tahuna*, 702 F.2d 1276, 1280 (9th Cir.1983). One way a property owner may carry this burden is by proving that he or she was an "innocent owner." *United States v. Four Million Two Hundred Fifty–Five Thousand Dollars*, 762 F.2d 895, 906–07 (11th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1985). Mr. Ponce concedes that his interest is subject to the forfeiture. However, Mrs. Ponce contends that she is the innocent owner of a one-half undivided interest in the subject property.

Mrs. Ponce argues that the innocent owner defense should be available to her, even though she knew of the marijuana for a short time. Mrs. Ponce contends the defense should be available because she did not consent to the growing of marijuana on the property and, upon learning of the marijuana, she took reasonable steps to have it removed promptly. In *United States v. One Parcel of Land, known as Lot 111–B*, 902 F.2d 1443 (9th Cir.1990) (per curiam), a claimant argued that he was an innocent owner because, even though he was aware of the illegal activity on the property, he did not consent to the activity. 902 F.2d at 1445. In dicta, the court rejected that argument, interpreting the statutory language to mean that an innocent owner defense is unavailable if the owner *"either* knew *or* consented to the illegal activities."[1] *Id.* (emphasis in original).

This Court agrees with the Ninth Circuit's interpretation in *Lot 111–B* of the statutory language. However, the court in

---

**1.** In *Lot 111–B,* the court's discussion of the "knowledge or consent" language in the statute is dicta because its holding was based on the fact that the claimant lacked standing to challenge the forfeiture. 902 F.2d at 1444–45.

*Lot 111–B* was not confronted with the situation of a claimant who was only briefly aware of the illicit activity. The claimant in *Lot 111–B* presented no facts to establish how long he knew of the illegal activities or what steps he took to prevent the illegal activity from occurring. Interpreting the statute so strictly so as to allow forfeiture at the moment a person becomes aware of the illegal activity could lead to unduly harsh results. As an example, a property owner could discover marijuana growing on his property, return to his house to get a sickle to kill the plants and, as he is about to do so, law enforcement officials could arrest him and move to forfeit his property. Government counsel conceded at the hearing on this motion that Mrs. Ponce's interest in the property should not be forfeited if Mrs. Ponce had taken reasonable steps to require Mr. Ponce to get rid of the seedlings "within an hour" of becoming aware of the plants. Government counsel felt that if that scenario were extended to allow Mr. Ponce to get rid of the marijuana "within one day," the decision regarding forfeiture should be left to the sound prosecutorial discretion of the government counsel. This Court disagrees, and finds that such discretion should be exercised by the courts rather than government counsel.[2]

The Second and Third Circuit Courts of Appeals have declined to interpret the language of § 881(a)(7) to require forfeiture based on mere knowledge of the illicit activity. Those circuits have interpreted § 881(a)(7) to allow a claimant with knowledge of drug activity on his or her property to prevent forfeiture by proving that he or she did not consent to the illicit activity. *United States v. 141st Street Corp. by Hersh*, 911 F.2d 870, 877–78 (2nd Cir.1990); *United States v. Parcel of Real Property Known as 6109 Grubb Road, Millcreek Township, Erie County, Pennsylvania*, 886 F.2d 618, 626 (3d Cir.), *reh'g denied*, 890 F.2d 659 (1989). The court in *141st Street Corp.* pointed out that requiring a claimant to disprove both knowledge and consent renders the phrase "or consent" in the statute superfluous because a person without knowledge of illegal activity or proposed illegal activity cannot consent to it. 911 F.2d at 878.[3]

In order to prove lack of consent, the court in *141st Street Corp.* held a claimant must establish that he or she did all that reasonably could be expected to prevent the illegal activity once he or she learned of it. *Id.* The court relied on dicta of the United States Supreme Court in *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 2094–95, 40 L.Ed.2d 452 (1974). In that case, the Supreme Court suggested that forfeiture might be violative of the property owner's constitutional rights if the owner proved he was uninvolved in and unaware of the illegal activity, and had done all that reasonably could be expected to prevent the activity. *Id.* The Court in *Calero–Toledo* was interpreting a Puerto Rican forfeiture statute that did not provide for an innocent owner defense, unlike § 881(a)(7). *Id.*, 94 S.Ct. at 2082–84. Also, the Court's dicta addressed situations in which claimants are unaware of illicit activity. *Id.* at 2094–95. However, in *141st Street Corp., supra*, the Second Circuit Court of Appeals applied the *Calero–Toledo* reasoning to a forfeiture under § 881(a)(7) in which the claimant was aware of the illicit activity on his property. 911 F.2d at 879.

---

**2.** The government asserts in its Reply Memorandum in support of its summary judgment motion that Mrs. Ponce should petition for Remission or Mitigation of Forfeiture under the procedures provided by 28 C.F.R. § 9.1 *et seq.* However, those regulations "are designed to reflect the intent of Congress relative to the remission or mitigation of forfeiture of certain property as set out in section 1618 of title 19, U.S.Code." 28 C.F.R. § 9.1 (1989). 19 U.S.C. § 1618 applies to any "vessel, vehicle, aircraft, merchandise, or baggage seized." That section does not mention seized real property. Even if the mitigation and remission procedures were deemed to be applicable to real property forfeitures, such procedures are not a substitute for interpretation of the forfeiture statute by this Court.

**3.** This Court disagrees with the 2nd Circuit's interpretation, as a person effectively could consent in advance to a future illegal usage of his or her property, without ever knowing whether or not such use was implemented.

The Ninth Circuit Court of Appeals has held that due care is required in order to invoke the innocent owner defense under 21 U.S.C. § 881(a)(6), a similar section of the forfeiture statute. In *United States v. $215,300 United States Currency*, 882 F.2d 417, 420 (9th Cir.1989), the claimant relied on the innocent owner defense, arguing that the illegitimate use of claimant's currency was without his knowledge or consent. *Id.* The claimant alleged that he loaned the currency to one Hoyos to purchase gold coins, believing Hoyos to be "trustworthy." *Id.* The money was later seized because Hoyos was a reported drug dealer in Miami and a police dog smelled the odor of narcotics on the money. *Id.* at 418. The court found the claimant's argument that he believed Hoyos to be trustworthy was just another way of pleading negligence. *Id.* at 420. The court stated that failure to exercise due care precludes reliance upon the innocent owner defense. *Id.* (citing *United States v. One 1972 Chevrolet Blazer*, 563 F.2d 1386, 1389 (9th Cir.1977)).

■ In *Lot 111–B, supra*, the Ninth Circuit ruled:

"[t]he intent of the forfeiture provision is to seize all property that has a "substantial connection" to the illegal drug activity. This policy would be substantially undercut if persons who were fully aware of the illegal connection or source of their property were permitted to reclaim the property as "innocent" owners.

902 F.2d at 1445 (citing Joint Explanatory Statement of Titles II and III, 95th Cong., 2nd Sess., *reprinted in* 1978 U.S.Code Cong. & Admin.News 9519, 9522–23). This Court concurs with that pronouncement. However, as noted, *Lot 111–B* did not deal with the situation where an alleged innocent owner makes reasonable efforts to terminate the illegal activity on the property as soon as possible. Thus, the broad dicta in *Lot 111–B* implying that a claimant must show lack of knowledge and lack of consent must be qualified in this respect. Under such circumstances, this Court feels the reasoning of the Ninth Circuit in *$215,300 United States Currency, supra*, is ap-

plicable, and the Court should consider the owner's efforts to exercise "due care" to rid the property of the illicit use. In *$215,000 U.S. Currency* the Ninth Circuit held that, unless a property owner exercised due care, he or she was deemed to have knowledge of the illegal activity and/or to have consented to such activity; whereas, in the instant case, this Court will extend the "due care" standard to protect the "innocent owner" where he or she took reasonable steps to terminate the illegal usage promptly after acquiring knowledge of such use. Such an approach is in keeping with the United States Supreme Court's constitutional concerns in *Calero–Toledo, supra*. Further, this result is not unlike that reached by the Second Circuit in *141st Street Corp, supra*, which requires a claimant to prove all reasonable steps were taken to prevent further illegal activity once the claimant learns of the activity; that is, knowledge by the claimant effectively becomes consent unless he or she takes such reasonable steps.

■ Mere knowledge of illicit activity on one's property is enough to allow forfeiture of that property, if the claimant does not do all that reasonably could be expected to prevent the illegal activity once he or she learns of it. A claimant may not prevent forfeiture merely by proving that he or she did not explicitly consent to the activity. Turning a "blind eye" to the illegal activity will not suffice. However, if a claimant proves that he or she has done all that reasonably could be expected to prevent the illegal activity from continuing, the claimant's interest is not forfeitable under § 881(a)(7).

## CONCLUSION

■ Mr. Ponce does not contest that his interest in the property is forfeitable. Thus, the government's summary judgment motion is granted as to Mr. Ponce's interest and that interest shall be forfeited.

Mrs. Ponce argues that she took reasonable steps to insure her property would not be used for illegal purposes by immediately demanding that her husband remove the marijuana, and by being willing to take

**1442**

matters into her own hands within twenty-four hours if he did not do so. Viewing the facts most favorably for Mrs. Ponce, the Court finds that whether she did all that reasonably could be expected to prevent the illegal activity on her property once she learned of it is a question of fact upon which reasonable persons could differ. Thus, forfeiture of her interest in the property is inappropriate at this time. The government's motion for summary judgment is denied as to Mrs. Ponce's interest in the property.

IT IS SO ORDERED.